IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD RICHARDSON,<br><br>                Petitioner,<br><br>  vs.<br><br>V.M. ALMAGER[1], WARDEN,<br><br>                Respondent. | Case No. 1:03-CV-05348-JKS (HC)<br><br>O R D E R |

      Petitioner has made a motion to hold his traverse in abeyance in order that he might exhaust claims he has in the California State court. Docket Nos. 18; 21. This motion is opposed. Docket No. 20.

      Petitioner's Motion at Docket No. 18 requests that his petition be held in abeyance while he litigates an unexhausted claim in state court, namely that "the 'strike' finding based on petitioner 1992 conviction of assault with a firearm should be reversed because the record does not establish he was convicted of a form of assault which qualifies as a 'strike'." Respondent contends that this request would be futile to his petition before this court because the claim, once exhausted, would be time-barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations from being added to the petition. 28 U.S.C. § 2244(d)(1). Nor could this claim be added to the petition by operation of the relation-back doctrine because the facts supporting the claim differ in both time and type from those set forth in his original timely petition. *See Mayle v. Felix*, 545 U.S. 644 (2005).

---

      [1]V.M. Almager is substituted as the named Respondent in this case in place of G.J. Giurbino, pursuant to Federal Rule of Civil Procedure 25(d).

1

Petitioner's motion at Docket No. 21 is based upon the recent United States Supreme Court case *Cunningham v. California*, 127 S.Ct. 856 (2007).  In *Cunningham*, the Court declared California's determinate sentencing law unconstitutional.  The determinate sentencing law, or DSL, enacted in 1977, proscribes fixed terms of imprisonment for most offenses.  *Id*. at 861.  If a person was found guilty of a crime in California, the DSL instructed the trial judge to impose a specific sentence.  *Id.*  The DSL also instructed trial judges that if they, the trial judges, found facts by a preponderance of the evidence that would either aggravate or mitigate the sentence then they were to impose a specific higher or specific lower sentence.  *Id.* at 861–62.  The Supreme Court, citing to precedential decisions, held that under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury under the reasonable doubt standard.  *Id* at 863–64.  *See also*, *Jones v. United States*, 526 U.S. 227 (1999); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Harris v. United States*, 536 U.S. 545 (2002); *Blakely v. Washington*, 542 U.S. 296 (2004); *and, United States v. Booker*, 543 U.S. 220 (2005).  An exception to this rule, however, remains prior convictions.  127 S.Ct., at 894; and *Almendarez-Torres v. United States*, 532 U.S. 224 (1998).

Petitioner may be arguing that, under *Cunningham*, it was a error for the sentencing court to increase his sentence based on a court finding that Petitioner was convicted in 1992 of a violation of California Penal Code Section 245(d).  Docket No. 18, page 3.  However, as stated above, prior convictions remain the exception to the rule set forth in *Cunningham*.  Courts may use findings of prior convictions to increase sentences.  Therefore, because exhaustion would be futile, Petitioner's motions at **Docket Nos. 18** and **21** are **DENIED**.  This Court will proceed to rule on underlying petition, which is now ripe.

Dated at Anchorage, Alaska, this 8th day of March 2007.

          /s/ James K. Singleton, Jr.
          **JAMES K. SINGLETON, JR.**
          United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\E.D. Cal\Fresno\F-03-5348.001.wpd  2